UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

PHILIP DELGROSSO,

      Petitioner,

v.                    CASE NO. 2:22-CV-12082
                      HONORABLE VICTORIA A. ROBERTS
                      UNITED STATES DISTRICT COURT JUDGE

JONATHAN HEMINGWAY,

      Respondent,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

    Philip Delgrosso, (petitioner), is a prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan. Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. He challenges the Bureau of Prisons' (BOP) decision to return him to a federal correctional institution after he spent time on home confinement. Respondent filed a motion to dismiss the petition, citing petitioner's failure to exhaust administrative remedies.

    For the reasons that follow, the petition for writ of habeas corpus is summarily dismissed without prejudice.

1

## I.   Background

Petitioner is serving a one hundred and twenty month sentence out of the United States District Court for the Western District of Missouri for drug and money laundering offenses.

On June 4, 2020, Petitioner was released to home confinement pursuant to Coronavirus Aid, Relief, and Economic Security Act (CARES Act) § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281, 516 (Mar. 27, 2020). This status was eventually revoked and Petitioner was ordered back to prison.

Petitioner alleges that his home confinement status was revoked without a hearing and there was no revocation, in violation of his due process rights.

Respondent moved to dismiss, claiming that Petitioner failed to exhaust his administrative remedies prior to filing the habeas petition.

## II.  Discussion

Petitioner failed to exhaust his administrative remedies prior to filing his petition; the petition is dismissed without prejudice.

A federal habeas corpus petitioner is required to exhaust his or her administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F. 3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center,* 473 F. 3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). The failure to exhaust administrative remedies is an

affirmative defense that the respondent is required to prove. *See e.g. Luedtke,* 704 F. 3d at 466.

The Bureau of Prisons maintains an extensive administrative remedy procedure "through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. Pursuant to this administrative procedure, a prisoner who seeks administrative review of a complaint concerning the BOP must apply to the warden or community corrections manager, to the Regional Director, and to the Office of General Counsel for relief. *See Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994)(citing 28 C.F.R. §§ 542.11, 542.13, and 542.15).

There is no question that Petitioner failed to exhaust his administrative remedies prior to filing his habeas petition. The fifteen exhibits attached to his petition are letters and e-mails designed to informally resolve his claims. (ECF No. 1, PageID.15–29). Petitioner never filed any formal administrative remedy requests to challenge the revocation of his home confinement status. Consequently, his habeas petition is premature. *Tennille v. Fed. Bureau of Prisons*, No. 22-CV-10171, 2022 WL 2918130, at * 2 (E.D. Mich. July 25, 20220.

This Court concurs with Respondent that the Bureau of Prisons "should first have an opportunity to review and address this issue before the Court has to make

3

such a finding." *Vaughn v. Terris*, No. 2:15-CV-10092, 2015 WL 3605080, at * 2 (E.D. Mich. June 8, 2015). "Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures." *Id.*, (quoting *Fazzini*, 473 F.3d at 231).

There is a futility exception to the exhaustion requirement, *See Fazzini,* 473 F. 3d at 236 (*citing Aron v. LaManna,* 4 F. App'x 232, 233 (6th Cir. 2001)), which can only be invoked if there has been an attempt to exhaust administrative remedies. *Cf. Dillon v. Hutchinson*, 82 F. App'x 459, 462 (6th Cir. 2003)(habeas petitioner's failure to exhaust his state court remedies before seeking habeas relief from his state conviction under 28 U.S.C. § 2254 disqualified him from being able to invoke the futility exception to the exhaustion rule).

Petitioner failed to exhaust available administrative remedies; his petition is dismissed. *See e.g. Gates-Bey v. U.S. Parole Com'n,* 9 F. App'x 308, 310 (6th Cir. 2001).

Petitioner's Motion for Status Update (ECF No. 14) is **MOOT**.

### III. ORDER

The Court orders:

(1) The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

4

(2) A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

(3) Petitioner is **GRANTED** leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

s/ Victoria A. Roberts
**HONORABLE VICTORIA A. ROBERTS**
**UNITED STATES DISTRICT JUDGE**

**Dated: 1/11/2023**